◎JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Etta Conover, Roger Dennis, Tiera Barham | James Scott, Simone Guy, Commissioner Charles Ramsey, Officer Crystal Harris, Officer Charles Marable, John Doe ➕ |
| **(b)**  County of Residence of First Listed Plaintiff   **Philadelphia** (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   **Philadelphia** (IN U.S. PLAINTIFF CASES ONLY) NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)**  Attorney's (Firm Name, Address, and Telephone Number) Marc F. Greenfield, Esq. Spear, Greenfield & Richman, PC ➕ | Attorneys (If Known) Mark V. Maguire, Esq., City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102 ➕ |

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V.  ORIGIN  (Place an "X" in One Box Only)

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec 1983

Brief description of cause:
Civil Rights violation under 42 U.S.C. Sec 1983

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
06/04/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar

Address of Plaintiff:   5022 Osage Avenue, Philadelphia, PA 19142, 6725 Guyer Street, Philadelphia, PA 19142, 1541 North 23rd Street, Philadelphia, PA

Address of Defendant:   _____ City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102 _____

Place of Accident, Incident or Transaction:   _____ Cumberland Street and Bouvier Street, Philadelphia, PA _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes ☐       No ☐

Does this case involve multidistrict litigation possibilities?                                          Yes ☐       No ☐
RELATED CASE IF ANY.

Case Number: _____   Judge _____                     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                        Yes ☐       No ☐

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
     action in this court?                                                                              Yes ☐       No ☒

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
     terminated action in this court?                                                                   Yes ☐       No ☐

CIVIL:  (Place   in ONE CATEGORY ONLY)

A.  Federal Question Cases:                                    B.  Diversity Jurisdiction Cases:

1.    Indemnity Contract, Marine Contract, and All   Other  Contracts   1.    Insurance Contract and Other Contracts
2.    FELA                                                    2.    Airplane Personal Injury
3.    Jones Act – Personal Injury                             3.    Assault, Defamation
4.    Antitrust                                               4.    Marine Personal Injury
5.    Patent                                                  5.    Motor Vehicle personal Injury
6.    Labor-Management Relations                              6.    Other Personal Injury (Please specify)
7.  ✗ Civil Rights                                           7.    Products Liability
8.    Habeas Corpus                                          8.    Products liability - Asbestos
9.    Securities Act(s) Cases                                9.    All other Diversity Cases
10.   Social Security Review Cases                           (Please specify)
11.   All Other Federal Questions Cases (Please specify)

### ARBITRATION CERTIFICATION
(Check appropriate Category)

I, Mark Maguire _____ , counsel of record do hereby certify:

    ☐  Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

    ☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
exceed the sum of $150,000.00 exclusive of interest and costs.

    ☐  Relief other than monetary damages is sought.

DATE: _____                _____          94242
                                   **Mark Maguire, Esquire**       Attorney I.D. #
                                   Attorney-at-Law

NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court
except as noted above.

DATE: _____                _____          94242
                                   **Mark Maguire, Esquire**       Attorney I.D. #
CIV 609 (4/03)                     Attorney-at-Law

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ETTA CONOVER** | : | |
| 5022 Osage Avenue | : | **COURT OF COMMON PLEASE** |
| Philadelphia, PA 19142 | : | **COUNTY OF PHILADELPHIA** |
| & | : | |
| **ROGER DENNIS** | : | |
| 6725 Guyer Avenue | : | |
| Philadelphia, PA 19142 | : | |
| & | : | **CIVIL TRIAL DIVISION** |
| **TIERA BARHAM** | : | |
| 1541 North 23rd Street | : | |
| Philadelphia, 19121 | : | |
| | : | |
| **v.** | : | |
| | : | NO: _____ |
| | : | |
| **JAMES SCOTT a/k/a MARK SCOTT** | : | |
| 6014 Jefferson Street | : | Formerly |
| Philadelphia, PA 19151 | : | |
| & | : | |
| **SIMONE GUY** | : | **Court of Common Pleas** |
| 1437 North Felton Street | : | **Philadelphia County** |
| Philadelphia, PA 19151 | : | |
| & | : | **May Term 2014** |
| **COMMSSIONER CHARLES H. RAMSEY** | : | **No. 2464** |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| Philadelphia, PA 19106 | : | |
| & | : | |
| **OFFICER CRYSTAL HARRIS, Badge #6257** | : | |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| & | : | |
| **OFFICER CHARLES MARABLE, Badge #2013:** | | |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| & | : | |
| **JOHN DOE #1-5** | : | |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| & | : | |
| **OFFICER CRYSTAL HARRIS, Badge #6257** | : | |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |

CONTINUED

c/o PHILADELPHIA POLICE DEPARTMENT   :
750 Race Street                                          :
Philadelphia, PA 19106                              :
             **&**                                              :
JOHN DOE #1-5                                        :
c/o PHILADELPHIA POLICE DEPARTMENT   :
750 Race Street                                          :
Philadelphia, PA 19106                              :
             **&**                                              :
CITY OF PHILADELPHIA                          :
1515 Arch Street, 14th Floor                      :
Philadelphia, PA 19102                              :
             **&**                                              :
PHILADELPHIA POLICE DEPARTMENT    :
750 Race Street                                          :
Philadelphia, PA 19106                              :
                                    :

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                    (   )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                         (   )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   (   )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                            (   )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                               (   )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.        ( **X** )

| | | |
|---|---|---|
| 6/3/14 | | Defendants |
| Date | **Mark Maguire, Esq.** | Attorney for |
| **(215) 683-5439** | **(215) 683-5397** | **mark.maguire@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ  660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ETTA CONOVER** | : | **COURT OF COMMON PLEASE** |
| 5022 Osage Avenue | : | **COUNTY OF PHILADELPHIA** |
| Philadelphia, PA 19142 | : | |
| & | : | |
| **ROGER DENNIS** | : | |
| 6725 Guyer Avenue | : | |
| Philadelphia, PA 19142 | : | |
| & | : | **CIVIL TRIAL DIVISION** |
| **TIERA BARHAM** | : | |
| 1541 North 23rd Street | : | |
| Philadelphia, 19121 | : | |
| | : | |
| **v.** | : | |
| | : | **NO:** _____ |
| | : | |
| **JAMES SCOTT a/k/a MARK SCOTT** | : | |
| 6014 Jefferson Street | : | Formerly |
| Philadelphia, PA 19151 | : | |
| & | : | |
| **SIMONE GUY** | : | **Court of Common Pleas** |
| 1437 North Felton Street | : | **Philadelphia County** |
| Philadelphia, PA 19151 | : | |
| & | : | **May Term 2014** |
| **COMMSSIONER CHARLES H. RAMSEY** | : | **No. 2464** |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| & | : | |
| **OFFICER CRYSTAL HARRIS, Badge #6257** | : | |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| & | : | |
| **OFFICER CHARLES MARABLE, Badge #2013** | : | |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| | **CONTINUED** | |

JOHN DOE #1-5                                      :
c/o PHILADELPHIA POLICE DEPARTMENT :
750 Race Street                                    :
                                                   :
OFFICER CRYSTAL HARRIS, Badge #6257  :
c/o PHILADELPHIA POLICE DEPARTMENT :
750 Race Street                                    :
Philadelphia, PA 19106                             :
         &                                         :
OFFICER CHARLES MARABLE, Badge #2013:
c/o PHILADELPHIA POLICE DEPARTMENT :
750 Race Street                                    :
Philadelphia, PA 19106                             :
         &                                         :
JOHN DOE #1-5                                      :
c/o PHILADELPHIA POLICE DEPARTMENT :
750 Race Street                                    :
Philadelphia, PA 19106                             :
         &                                         :
CITY OF PHILADELPHIA                               :
1515 Arch Street, 14th Floor                       :
Philadelphia, PA 19102                             :
         &                                         :
PHILADELPHIA POLICE DEPARTMENT    :
750 Race Street                                    :
Philadelphia, PA 19106                             :
                                                   :

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, Police Commissioner Charles Ramsey, Police Officer Charles Marable, Police Officer Crystal Harris, and the City of Philadelphia, (hereinafter "petitioners") through their counsel, Mark Maguire Divisional Deputy City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1. In May, 2014, plaintiffs initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, May Term, 2014: No. 2464. (Exhibit A - Complaint).

2. On May 22, 2014 said Complaint was served on Petitioners at 1515 Arch Street, 14th

Floor, Philadelphia, Pennsylvania.

3.  Plaintiffs allege that on or about December 15, 2012 they sustained damages when their civil rights were violated by the defendants. (Exhibit A ).

4.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

**Wherefore,** petitioners, Police Commissioner Charles Ramsey, Police Officer Charles Marable, Police Officer Crystal Harris and City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig M. Straw
Chief Deputy City Solicitor

**MARK V. MAGUIRE**
**Divisional Deputy City Solicitor**
**Attorney I.D. No. 94242**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5439

Date: 6/7/14

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ETTA CONOVER | : | COURT OF COMMON PLEASE |
| 5022 Osage Avenue | : | COUNTY OF PHILADELPHIA |
| Philadelphia, PA 19142 | : | |
| & | : | |
| ROGER DENNIS | : | |
| 6725 Guyer Avenue | : | |
| Philadelphia, PA 19142 | : | CIVIL TRIAL DIVISION |
| & | : | |
| TIERA BARHAM | : | |
| 1541 North 23rd Street | : | |
| Philadelphia, 19121 | : | |
| | : | |
| v. | : | |
| | : | NO: _____ |
| | : | |
| JAMES SCOTT a/k/a MARK SCOTT | : | |
| 6014 Jefferson Street | : | Formerly |
| Philadelphia, PA 19151 | : | |
| & | : | |
| SIMONE GUY | : | Court of Common Pleas |
| 1437 North Felton Street | : | Philadelphia County |
| Philadelphia, PA 19151 | : | |
| & | : | May Term 2014 |
| COMMSSIONER CHARLES H. RAMSEY | : | No. 2464 |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| & | : | |
| OFFICER CRYSTAL HARRIS, Badge #6257 | : | |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| & | : | |
| OFFICER CHARLES MARABLE, Badge #2013 | : | |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| CONTINUED | | |

JOHN DOE #1-5                                        :
c/o PHILADELPHIA POLICE DEPARTMENT :
750 Race Street                                     :
                                                    :
OFFICER CRYSTAL HARRIS, Badge #6257     :
c/o PHILADELPHIA POLICE DEPARTMENT :
750 Race Street                                     :
Philadelphia, PA 19106                              :
       &                                            :
OFFICER CHARLES MARABLE, Badge #2013:
c/o PHILADELPHIA POLICE DEPARTMENT :
750 Race Street                                     :
Philadelphia, PA 19106                              :
       &                                            :
JOHN DOE #1-5                                        :
c/o PHILADELPHIA POLICE DEPARTMENT :
750 Race Street                                     :
Philadelphia, PA 19106                              :
       &                                            :
CITY OF PHILADELPHIA                                :
1515 Arch Street, 14th Floor                        :
Philadelphia, PA 19102                              :
       &                                            :
PHILADELPHIA POLICE DEPARTMENT        :
750 Race Street                                     :
Philadelphia, PA 19106                              :
                                                    :

## NOTICE OF FILING OF REMOVAL

TO:   Marc F. Greenfield, Esquire
      SPEAR GREENFIELD & RICHMAN, P.C.
      230 S. Broad Street, Suite 1800
      Philadelphia, PA 19102


      PLEASE TAKE NOTICE THAT on June 6, 2014, defendants, Police Commissioner

Charles Ramsey, Police Officer Charles Marable, Police Officer Crystal Harris and City of

Philadelphia filed, in the office of the Clerk of the United States District Court for the Eastern

District of Pennsylvania a verified Notice of Removal.

      A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk

of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**MARK V. MAGUIRE**
**Divisional Deputy City Solicitor**
**Attorney I.D. No. 94242**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5439

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ETTA CONOVER | : | **COURT OF COMMON PLEASE** |
| 5022 Osage Avenue | : | **COUNTY OF PHILADELPHIA** |
| Philadelphia, PA 19142 | : | |
| & | : | |
| ROGER DENNIS | : | |
| 6725 Guyer Avenue | : | |
| Philadelphia, PA 19142 | : | |
| & | : | **CIVIL TRIAL DIVISION** |
| TIERA BARHAM | : | |
| 1541 North 23rd Street | : | |
| Philadelphia, 19121 | : | |
| | : | |
| v. | : | |
| | : | **NO:** _____ |
| | : | |
| JAMES SCOTT a/k/a MARK SCOTT | : | |
| 6014 Jefferson Street | : | Formerly |
| Philadelphia, PA 19151 | : | |
| & | : | |
| SIMONE GUY | : | **Court of Common Pleas** |
| 1437 North Felton Street | : | **Philadelphia County** |
| Philadelphia, PA 19151 | : | |
| & | : | **May Term 2014** |
| COMMSSIONER CHARLES H. RAMSEY | : | **No. 2464** |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| & | : | |
| OFFICER CRYSTAL HARRIS, Badge #6257 | : | |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| & | : | |
| OFFICER CHARLES MARABLE, Badge #2013 | : | |
| c/o PHILADELPHIA POLICE DEPARTMENT | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| **CONTINUED** | : | |

JOHN DOE #1-5                                          :
c/o PHILADELPHIA POLICE DEPARTMENT :
750 Race Street
                                                       :

OFFICER CRYSTAL HARRIS, Badge #6257     :
c/o PHILADELPHIA POLICE DEPARTMENT :
750 Race Street
Philadelphia, PA 19106                                :
         &                                            :
OFFICER CHARLES MARABLE, Badge #2013:
c/o PHILADELPHIA POLICE DEPARTMENT :
750 Race Street
Philadelphia, PA 19106                                :
         &                                            :
JOHN DOE #1-5                                          :
c/o PHILADELPHIA POLICE DEPARTMENT :
750 Race Street
Philadelphia, PA 19106                                :
         &                                            :
CITY OF PHILADELPHIA                                  :
1515 Arch Street, 14th Floor
Philadelphia, PA 19102                                :
         &                                            :
PHILADELPHIA POLICE DEPARTMENT          :
750 Race Street
Philadelphia, PA 19106                                :
                                                       :

## CERTIFICATE OF SERVICE

I, Mark V. Maguire, Divisional Deputy City Solicitor, do hereby certify that a true and

correct copy of the attached Notice of Removal has been served upon the following by First Class

Mail, postpaid, on the date indicated below:

TO:    Marc F. Greenfield, Esquire
       SPEAR GREENFIELD & RICHMAN, P.C.
       230 S. Broad Street, Suite 1800
       Philadelphia, PA 19102

                                       MARK V. MAGUIRE
                                       Divisional Deputy City Solicitor
                                       Attorney ID No. 94242

Date: _____

City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5439

Exhibit "A"

Not

**SPEAR, GREENFIELD & RICHMAN, P.C.**
BY:   MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081
230 S. Broad Street, Suite 1800
Philadelphia, PA 19102
(215) 985-2424

**MAJOR JURY**

*Filed and Attested by*
*PROTHONOTARY*
*20 MAY 2014 11:10 pm*
*K. EDWARDS*

Attorney for plaintiff

| | |
|---|---|
| **ETTA CONOVER**<br>5022 Osage Avenue<br>Philadelphia, PA 19142<br>&<br>**ROGER DENNIS**<br>6725 Guyer Avenue<br>Philadelphia, PA 19142<br>&<br>**TIERA BARHAM**<br>1541 North 23rd Street<br>Philadelphia, PA 19121<br><br>v.<br><br>**JAMES SCOTT a/k/a MARK SCOTT**<br>6014 Jefferson Street<br>Philadelphia, PA 19151<br>&<br>**SIMONE GUY**<br>1437 North Felton Street<br>Philadelphia, PA 19151<br>&<br>CONTINUED | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

COURT OF COMMON PLEAS
COUNTY OF PHILADELPHIA

CIVIL TRIAL DIVISION

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.   THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE
PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

### ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

Case ID: 140502464

**COMMISSIONER CHARLES H. RAMSEY** :
**c/o PHILADELPHIA POLICE DEPARTMENT** :
750 Race Street
Philadelphia, PA 19106
     & :
**OFFICER CRYSTAL HARRIS, Badge #6257** :
**c/o PHILADELPHIA POLICE DEPARTMENT** :
750 Race Street
Philadelphia, PA 19106
     & :
**OFFICER CHARLES MARABLE, Badge #2013** :
**c/o PHILADELPHIA POLICE DEPARTMENT** :
750 Race Street
Philadelphia, PA 19106
     & :
**JOHN DOE #1-5** :
**c/o PHILADELPHIA POLICE DEPARTMENT** :
750 Race Street
Philadelphia, PA 19106
     & :
**CITY OF PHILADELPHIA** :
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
     & :
**PHILADELPHIA POLICE DEPARTMENT** :
750 Race Street
Philadelphia, PA 19106 :



## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

### ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFFNCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

1.     Plaintiff, Roger Dennis, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.     Plaintiff, Etta Conover, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3.     Plaintiff, Tiera Barham , is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

4.     Defendant, James Scott a/k/a Mark Scott (hereinafter referred to as James Scott), is a citizen and resident of the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or as a lessee, agent, servant, workman, and/or employee of defendant, Simone Guy, with defendant, Simone Guy's, express, apparent and/or implied permission, authorization, and/or consent.

5.     Defendant, Simone Guy, is a citizen and resident of the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or by and through all lessess, agents, servants, workmen, and/or employees, including defendant, James Scott.

6.     Defendant, Commissioner Charles H. Ramsey (hereinafter referred to as "Commissioner Ramsey") is an adult individual, who is a sworn member of the City of Philadelphia and, in conjunction with the City of Philadelphia either was or should have been responsible for the formulation and/or implementation of practices, policies, procedures, discipline, and assignments of officers, as well as the day-to-day operation and oversight, including command and control, of all segments of the Philadelphia Police Department.

7.     At all times relevant hereto, Commissioner Ramsey was acting within the scope of his duties and authority, under the color or title of State or Municipal Public Law or Ordinance, and supervised or controlled one or more of the other Defendants herein in their conduct or actions, or acted in concert with them in the performance of their conduct or actions or acted independently.

8.     Defendant, City of Philadelphia, is a political subdivision of the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, which was empowered to establish, regulate, and control its Police Department for the enforcement of laws and ordinances within its jurisdiction, and for purposes of protecting and preserving the persons, property, and Constitutional right of individuals within the geographical and legal jurisdiction.

The defendant, who at all times material hereto, was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendants: Officer Crystal Harris, Badge #6257; Office Charles Marable, Badge #2013; and John Doe #1-5.

9.     Defendant, Officer Crystal Harris, Badge #6257 (hereinafter referred to as "Officer Crystal Crystal Harris"), is an adult individual who at all times relevant hereto, was serving in his capacity as sworn Police Officer of the Philadelphia Police Department, and was entrusted with the powers to enforce the laws of the Commonwealth and the City of Philadelphia.

10.    At all times relevant hereto, Defendant, Officer Crystal Harris, was entrusted to protect the Constitutional rights of those he encountered, under the color or title of State or Municipal Public Law or Ordinance, and supervised or controlled one or more of the other Defendants herein in their conduct or actions, or acted in concert with them in the performance of their confuct or actions, or acted independently and/or operated defendant's police vehicle under the supervision and/or control, while in the scope and/or course of his employment with defendant, the City of Philadelphia.

11.     Defendant, Officer Charles Marable, Badge #2013 (Hereinafter referred to as "Officer Charles Marable"), is an adult individual who at all times relevant hereto, was serving in his capacity as sworn Police Officer of the Philadelphia Police Department, and was entrusted with the powers to enforce the laws of the Commonwealth and the City of Philadelphia.

12.     At all times relevant hereto, Defendant, Officer Charles Marable, was entrusted to protect the Constitutional rights of those he encountered, and at all times relevant hereto was acting within the scope of his duties and authority, under the color or title of State or Municipal Public Law or Ordinance, and supervised or controlled one of more of the other Defendants herein in their conduct or actions, or acted in concert with them in the performance of their conduct or actions, or acted independently and/or operated defendant's police vehicle under the supervision and/or control, while in the scope and/or course of his employment with defendant, the City of Philadelphia.

13.     Defendants, John Doe 1-5, who are unknown at this time, are adult individuals who at all times relevant hereto, were serving in their capacity as sworn Police Officers of the Philadelphia Police Department, and were entrusted with the powers to enforce the laws of the Commonwealth and the City of Philadelphia.

14.     Defendants, John Doe 1-5, were entrusted to protect the Constitutional rights of those they encountered, and at all times relevant hereto were acting under the authority and color of law, and acted in concert with one or more of the other individual Defendants in the performance of conduct of their duties or actions, or acted independently.

15.     Defendant, Philadelphia Police Department, is a governmental agency within the Commonwealth of Pennsylvania and the City of Philadelphia empowered to establish, regulate, and control its Police Officers for the enforcement of laws and ordinances within its jurisdiction, and for purposes of protecting and preserving the persons, property, and Constitutional rights of individuals within the geographical and legal jurisdiction of the Defendant, City of Philadelphia.

Case ID: 140502464

16.     On or about December 15, 2012, plaintiffs, Etta Conover and Tiera Barham, were passengers in a motor vehicle owned and operated by plaintiff, Roger Dennis, at or near Cumberland Street and Bouvier Street, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

17.     At the same date and time, defendant, James Scott, suspected of a criminal violation, was fleeing the police in a motor vehicle owned by defendant, Simone Guy, at or near Cumberland Street and Bouvier Street, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

18.     At the same date and time, defendant, Officer Crystal Harris, or defendant, Officer Charles Marable, Philadelphia police officers, operated a motor vehicle owned by defendant, City of Philadelphia, and engaged in a negligent, careless, and/or reckless car pursuit of defendant, James Scott, at or near Cumberland Street and Bouvier Street, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

19.     In the alternative, at the same date and time, defendants, John Doe 1-5, Philadelphia police officers, operated a motor vehicle owned by Defendant, City of Philadelphia, and engaged in a negligent, careless, and/or reckless car pursuit of defendant, James Scott, at or near Cumberland Street and Bouvier Street, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

20.     Suddenly and without warning, defendant, James Scott, negligently, carelessly, recklessly, and with deliberate indifference operated defendant, Simone Guy's, motor vehicle in such a manner as to intentionally strike the plaintiff's vehicle multiple times.

21.     Additionally, defendants; Officer Crystal Harris, Officer Charles Marable, or John Doe 1-5; negligently, carelessly, recklessly and/or with deliberate indifference operated defendant, City of Philadelphia's, motor vehicle in such a manner as to provoke the defendant, James Scott, to strike the plaintiffs' vehicle multiple times, while in pursuit of defendant, James Scott.

Case ID: 140502464

22.     As a result of this accident, plaintiffs suffered severe and permanent bodily injury as more fully set forth below.

## COUNT I
### Roger Dennis v. James Scott
### Personal Injury

23.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

24.     The negligence, carelessness, and/or recklessness of defendant consisted of the following:

    a.      Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

    b.      Failing to have said vehicle under proper and adequate control;

    c.      Failing to observe the position of the plaintiff and to take such action as was necessary to prevent striking plaintiff;

    d.      Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

    e.      Operating said vehicle at a dangerous and excessive rate of speed under the circumstance;

    f.      Being inattentive to defendant's duties as an operator of a motor vehicle;

    g.      Disregarding traffic lanes, patterns, and other devices;

    h.      Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

    i.      Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    j.      Failing to give plaintiff meaningful warning signs concerning the impending incident;

Case ID: 140502464

k.   Failing to exercise ordinary care to avoid injuring plaintiff;

l.   Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.   Intentionally striking plaintiff multiple times;

n.   Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.   Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.   Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.   Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

r.   Failing to stop defendant's vehicle, when ordered to do so by Philadelphia police officers;

s.   Intentionally fleeing, at a high speed, from Philadelphia police officers, while being pursued;

t.   Assaulting the plaintiff with a motor vehicle, with complete disregard for the safety and well-being of the plaintiff; and

u.   In other respects that may be pointed out at time of trial.

25.     As a direct result of the negligent, careless, and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: punctured lung; fractured ribs; fractured left clavicle; left shoulder sprain and strain; lumbar spine sprain and strain; cervical spine sprain and strain; and any other ills and injuries all to the plaintiff's great loss and detriment.

26.     As a result of these injuries, all of which are permanent in nature, and all of which are to the plaintiff's great financial detriment and loss, the plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

27.     As an additional result of the carelessness, negligence, and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

28.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future, undergo a great loss of earnings and/or earning capacity, all to the plaintiff's further loss and detriment.

29.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

Case ID: 140502464

## COUNT II
### Roger Dennis v. James Scott
### Property Damage

30.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

31.     As a result of defendant's negligence, carelessness, and/or recklessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT III
### Roger Dennis v. Simone Guy
### Personal Injury

32.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

33.     The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

a.      Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.      Failing to have said vehicle under proper and adequate control;

c.      Failing to observe the position of the plaintiff and to take such action as was necessary to prevent striking plaintiff;

d.      Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.      Operating said vehicle at a dangerous and excessive rate of speed under the circumstance;

f.     Being inattentive to defendant's duties as an operator of a motor vehicle;

g.     Disregarding traffic lanes, patterns, and other devices;

h.     Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

i.     Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.     Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.     Failing to exercise ordinary care to avoid injuring plaintiff;

l.     Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.     Intentionally striking plaintiff multiple times;

n.     Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.     Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.     Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.     Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

r.     Failing to stop defendant's vehicle, when ordered to do so by Philadelphia police officers;

Case ID: 140502464

s.      Intentionally fleeing, at a high speed, from Philadelphia police officers, while being pursued;

t.      Assaulting the plaintiff with a motor vehicle, with complete disregard for the safety and well-being of the plaintiff; and

u.      In other respects that may be pointed out at time of trial.

34.    The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.      Permitting an incompetent driver to operate the motor vehicle;

b.      Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.      Failing to determine whether defendant driver possessed a valid license or other requirements to drive and/or operate a motor vehicle;

d.      Failure to inspect defendant driver's prior history of bad driving;

e.      Failing to instruct defendant driver in the proper method of operating a motor vehicle;

f.      Failing to properly instruct the defendant driver on how to properly operate his motor vehicle and its warning apparatus in an emergency situation;

g.      Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver were operating the motor vehicle at the aforesaid time and place as herein before described;

h.      Failing to maintain said vehicle in a safe condition; and,

i.      Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

35.    As a direct result of the negligent, careless, and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: punctured lung; fractured ribs; fractured left clavicle; left shoulder sprain and strain; lumbar spine sprain and strain; cervical spine sprain and strain; and any other ills and injuries all to the plaintiff's great loss and detriment.

36.    As a result of these injuries, all of which are permanent in nature, and all of which are to the plaintiff's great financial detriment and loss, the plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

37.    As an additional result of the carelessness, negligence, and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

38.    As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future, undergo a great loss of earnings and/or earning capacity, all to the plaintiff's further loss and detriment.

39.    Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT IV
### Roger Dennis v. Simone Guy
#### Property Damage

40.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

41.     As a result of defendant's negligence, carelessness, and/or recklessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT V
### Roger Dennis v. Commissioner Ramsey
#### Personal Injury

42.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

43.     The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

a.      Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.      Failing to have said vehicle under proper and adequate control;

c.      Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

d.      Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.     Operating said vehicle at a dangerous and excessive rate of speed, under the circumstances;

f.     Being inattentive to defendant's duties as an operator of a motor vehicle;

g.     Disregarding traffic lanes, patterns, and other devices;

h.     Failing to keep an adequate distance from vehicles in the vicinity of the defendant's vehicle and from vehicles in the vicinity of the vehicle being pursued;

i.     Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.     Failing to give the plaintiff meaningful warning signs concerning the impending incident;

k.     Failing to exercise ordinary care to avoid injuring plaintiff;

l.     Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.     Pursuing the defendant, James Scott, in a manner that caused the defendant, James Scott, to strike the plaintiff;

n.     Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.     Failing to inspect defendant's vehicle or maintain defendant's vehicle in a safe and non-defective condition;

p.     Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.     Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

    r.      Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

    s.      Failure to adhere to and obey actions under "Directive 45;" and,

    t.      In other respects that may be pointed out at time of trial.

44.    The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

    a.      Permitting an incompetent driver to operate the vehicle;

    b.      Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

    c.      Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

    d.      Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

    e.      Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

    f.      Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

45.     As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: punctured lung; fractured ribs; fractured left clavicle; left shoulder sprain and strain; lumbar spine sprain and strain; cervical spine sprain and strain; and any other ills and injuries all to plaintiff's great loss and detriment.

46.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

47.     As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

48.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

49.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT VI
### Roger Dennis v. Commissioner Ramsey
### Property Damage

50.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

51.     As a result of defendant's negligence, carelessness, and/or recklessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT VII
### Roger Dennis v. City of Philadelphia
### Personal Injury

52.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

53.     The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

a.      Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.      Failing to have said vehicle under proper and adequate control;

c.      Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

d.      Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.      Operating said vehicle at a dangerous and excessive rate of speed, under the circumstances;

f. Being inattentive to defendant's duties as an operator of a motor vehicle;

g. Disregarding traffic lanes, patterns, and other devices;

h. Failing to keep an adequate distance from vehicles in the vicinity of the defendant's vehicle and from vehicles in the vicinity of the vehicle being pursued;

i. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j. Failing to give the plaintiff meaningful warning signs concerning the impending incident;

k. Failing to exercise ordinary care to avoid injuring plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of said vehicle;

m. Pursuing the defendant, James Scott, in a manner that caused the defendant, James Scott, to strike the plaintiff;

n. Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o. Failing to inspect defendant's vehicle or maintain defendant's vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q. Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r.      Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.      Failure to adhere to and obey actions under "Directive 45;" and,

t.      In other respects that may be pointed out at time of trial.

54.     The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.      Permitting an incompetent driver to operate the vehicle;

b.      Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.      Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d.      Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

e.      Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

f.      Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

55.     As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: punctured lung; fractured ribs; fractured left clavicle; left shoulder sprain and strain; lumbar spine sprain and strain; cervical spine sprain and strain; and any other ills and injuries all to plaintiff's great loss and detriment.

56.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

57.     As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

58.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

59.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT VIII
### Roger Dennis v. City of Philadelphia
### Property Damage

60.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

61.     As a result of defendant's negligence, carelessness, and/or recklessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT IX
### Roger Dennis v. Officer Crystal Harris
### Personal Injury

62.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

63.     The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

    a.      Operating a motor vehicle in a negligent, careless, and/or reckless manner
            without regard for the rights or safety of plaintiff or others;

    b.      Failing to have said vehicle under proper and adequate control;

    c.      Failing to observe the position of the plaintiff and to take such action as
            was necessary to prevent a foreseeable collision involving the plaintiff and
            defendant, James Scott;

    d.      Failing to operate a motor vehicle at a speed which would allow defendant
            to stop within an assured clear distance;

e.      Operating said vehicle at a dangerous and excessive rate of speed, under the circumstances;

f.      Being inattentive to defendant's duties as an operator of a motor vehicle;

g.      Disregarding traffic lanes, patterns, and other devices;

h.      Failing to keep an adequate distance from vehicles in the vicinity of the defendant's vehicle and from vehicles in the vicinity of the vehicle being pursued;

i.      Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.      Failing to give the plaintiff meaningful warning signs concerning the impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.      Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.      Pursuing the defendant, James Scott, in a manner that caused the defendant, James Scott, to strike the plaintiff;

n.      Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.      Failing to inspect defendant's vehicle or maintain defendant's vehicle in a safe and non-defective condition;

p.      Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.      Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r.   Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.   Failure to adhere to and obey actions under "Directive 45;" and,

t.   In other respects that may be pointed out at time of trial.

64.   The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.   Permitting an incompetent driver to operate the vehicle;

b.   Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.   Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d.   Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

e.   Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

f.   Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

65.     As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: punctured lung; fractured ribs; fractured left clavicle; left shoulder sprain and strain; lumbar spine sprain and strain; cervical spine sprain and strain; and any other ills and injuries all to plaintiff's great loss and detriment.

66.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

67.     As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

68.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

69.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE,** plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT X
### Roger Dennis v. Officer Crystal Harris
### Property Damage

70.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

71.     As a result of defendant's negligence, carelessness, and/or recklessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT XI
### Roger Dennis v. Officer Charles Marable
### Personal Injury

72.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

73.     The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

a.      Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.      Failing to have said vehicle under proper and adequate control;

c.      Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

d.      Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.    Operating said vehicle at a dangerous and excessive rate of speed, under

the circumstances;

f.    Being inattentive to defendant's duties as an operator of a motor vehicle;

g.    Disregarding traffic lanes, patterns, and other devices;

h.    Failing to keep an adequate distance from vehicles in the vicinity of the

defendant's vehicle and from vehicles in the vicinity of the vehicle

being pursued;

i.    Failing to perceive the highly apparent danger to others which the actions

and/or inactions posed;

j.    Failing to give the plaintiff meaningful warning signs concerning the

impending incident;

k.    Failing to exercise ordinary care to avoid injuring plaintiff;

l.    Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.    Pursuing the defendant, James Scott, in a manner that caused the

defendant, James Scott, to strike the plaintiff;

n.    Operating a motor vehicle with disregard for the rights, safety, and

proximity of plaintiff, even though defendant was aware, or should have

been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.    Failing to inspect defendant's vehicle or maintain defendant's vehicle in a

safe and non-defective condition;

p.    Allowing a dangerous, unsafe, and defective motor vehicle to be operated

on a public highway;

q.    Failing to operate a motor vehicle in compliance with the applicable

laws and ordinances of the City and County of Philadelphia and the

Statutes of the Commonwealth of Pennsylvania pertaining to the operation

and control of police motor vehicles;

Case ID: 140502464

r.    Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.    Failure to adhere to and obey actions under "Directive 45;" and,

t.    In other respects that may be pointed out at time of trial.

74.    The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.    Permitting an incompetent driver to operate the vehicle;

b.    Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.    Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d.    Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

e.    Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

f.    Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

75.     As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: punctured lung; fractured ribs; fractured left clavicle; left shoulder sprain and strain; lumbar spine sprain and strain; cervical spine sprain and strain; and any other ills and injuries all to plaintiff's great loss and detriment.

76.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

77.     As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

78.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

79.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

WHEREFORE, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT XII
### Roger Dennis v. Officer Charles Marable
#### Property Damage

80.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

81.     As a result of defendant's negligence, carelessness, and/or recklessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT XIII
### Roger Dennis v. Philadelphia Police Department
#### Personal Injury

82.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

83.     The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

     a.     Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

     b.     Failing to have said vehicle under proper and adequate control;

     c.     Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

     d.     Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

Case ID: 140502464

e.     Operating said vehicle at a dangerous and excessive rate of speed, under the circumstances;

f.     Being inattentive to defendant's duties as an operator of a motor vehicle;

g.     Disregarding traffic lanes, patterns, and other devices;

h.     Failing to keep an adequate distance from vehicles in the vicinity of the defendant's vehicle and from vehicles in the vicinity of the vehicle being pursued;

i.     Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.     Failing to give the plaintiff meaningful warning signs concerning the impending incident;

k.     Failing to exercise ordinary care to avoid injuring plaintiff;

l.     Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.     Pursuing the defendant, James Scott, in a manner that caused the defendant, James Scott, to strike the plaintiff;

n.     Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.     Failing to inspect defendant's vehicle or maintain defendant's vehicle in a safe and non-defective condition;

p.     Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.     Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r.      Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.      Failure to adhere to and obey actions under "Directive 45;" and,

t.      In other respects that may be pointed out at time of trial.

84.     The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.      Permitting an incompetent driver to operate the vehicle;

b.      Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.      Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d.      Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

e.      Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

f.      Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

85.      As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: punctured lung; fractured ribs; fractured left clavicle; left shoulder sprain and strain; lumbar spine sprain and strain; cervical spine sprain and strain; and any other ills and injuries all to plaintiff's great loss and detriment.

86.      As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

87.      As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

88.      As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

89.      Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT XIV
### Roger Dennis v. Philadelphia Police Department
#### Property Damage

90.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

91.     As a result of defendant's negligence, carelessness, and/or recklessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.


## COUNT XV
### Roger Dennis v. John Doe 1-5
#### Personal Injury

92.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

93.     The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

      a.     Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

      b.     Failing to have said vehicle under proper and adequate control;

      c.     Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

      d.     Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.     Operating said vehicle at a dangerous and excessive rate of speed, under

the circumstances;

f.     Being inattentive to defendant's duties as an operator of a motor vehicle;

g.     Disregarding traffic lanes, patterns, and other devices;

h.     Failing to keep an adequate distance from vehicles in the vicinity of the

defendant's vehicle and from vehicles in the vicinity of the vehicle

being pursued;

i.     Failing to perceive the highly apparent danger to others which the actions

and/or inactions posed;

j.     Failing to give the plaintiff meaningful warning signs concerning the

impending incident;

k.     Failing to exercise ordinary care to avoid injuring plaintiff;

l.     Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.     Pursuing the defendant, James Scott, in a manner that caused the

defendant, James Scott, to strike the plaintiff;

n.     Operating a motor vehicle with disregard for the rights, safety, and

proximity of plaintiff, even though defendant was aware, or should have

been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.     Failing to inspect defendant's vehicle or maintain defendant's vehicle in a

safe and non-defective condition;

p.     Allowing a dangerous, unsafe, and defective motor vehicle to be operated

on a public highway;

q.     Failing to operate a motor vehicle in compliance with the applicable

laws and ordinances of the City and County of Philadelphia and the

Statutes of the Commonwealth of Pennsylvania pertaining to the operation

and control of police motor vehicles;

Case ID: 140502464

r.    Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.    Failure to adhere to and obey actions under "Directive 45;" and,

t.    In other respects that may be pointed out at time of trial.

94.    The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.    Permitting an incompetent driver to operate the vehicle;

b.    Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.    Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d.    Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

e.    Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

f.    Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

95.     As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: punctured lung; fractured ribs; fractured left clavicle; left shoulder sprain and strain; lumbar spine sprain and strain; cervical spine sprain and strain; and any other ills and injuries all to plaintiff's great loss and detriment.

96.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

97.     As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

98.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

99.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT XVI
### Roger Dennis v. John Doe 1-5
### Property Damage

100.    Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

101.    As a result of defendant's negligence, carelessness, and/or recklessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT XVII
### Roger Dennis v.
### Commissioner Charles Ramsey, Officer Crystal Harris, Officer Charles Marable, City of Philadelphia, and City of Philadelphia Police Department
### Section 1983

102.    While acting under the color of State Law, the defendants deprived the Plaintiff of various Federal and Constitutional Rights.

103.    Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against all defendants for violation of Plaintiff's Constitutional rights under Color of Law.

104.    Defendants' failed to train, supervise and discipline its officers for violations of Directive 45.

105.    Directive 45 was deliberately indifferent to the safety of the public causing unconstitutional harm to plaintiff.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT XVIII
### Roger Dennis v.
### Commissioner Charles Ramsey, Officer Crystal Harris, Officer Charles Marable, City of Philadelphia, and City of Philadelphia Police Department
### Section 1983 - Substantive Due Process

106.     Defendant Officers' conduct, jointly and/or severally, was willful, reckless, grossly negligent in violation of the Constitution and deliberately indifferent to the life and safety of Plaintiff and/or shocking to the conscience.

107.     Defendants' conduct constitutes a violation of the State and United States Constitution, and specifically to Plaintiff's right to personal security, to life, and liberty, and to be free from arbitrary government action which demonstrates a deliberate indifference to Plaintiff's life which shocks the conscience.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary

## COUNT XIX
### Roger Dennis v.
### Commissioner Charles Ramsey, Officer Crystal Harris, Officer Charles Marable, City of Philadelphia, and City of Philadelphia Police Department
### Section 1983 - Supervisory Liability

108.     One or more of the Supervisory Defendants acted in a supervisory capacity, under circumstances and at a time when one or more of the Subordinate Defendants violated the Plaintiff's rights as set forth herein.

109.     In that regard, the Supervisory Defendants, now known and unknown, either directed conduct which resulted in the violation of Plaintiff's Federal and State Rights as alleged, or had actual knowledge of the subordinates violation of Plaintiff's rights and acquiesced in said violations, or, with a deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation of Plaintiff's rights or had a polic of maintaining no policy or regulations where same were clearly needed.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT XX
### Roger Dennis v. City of Philadelphia
### Section 1983 - Municipal/City Liability

110.    Prior to December 15, 2012 , Defendant, City of Philadelphia, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the City of Philadelphia, which caused violation of the Plaintiff's Constitutional Rights.

111.    It was also the policy and/or custom of Defendant, City of Philadelphia, to inadequately screen during the hiring process and/or to inadequately train, re-train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

112.    The Defendant, City of Philadelphia, did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct or who were known to encourage or tolerate the same.

113.    The Defendant, City of Philadelphia, also did not adopt needed policies designed to avoid the Constitutional violations referred to herein.

114.    As a result of the above described policies, customs and failure to adopt necessary and appropriate policies, police officers in the Defendant City of Philadelphia, including Defendants, believed that their actions would not be monitored by supervisory officers and that unsafe acts and misconduct would not be investigated or result in sanctions, but would be tolerated.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.


### COUNT XXI
### Roger Dennis v. Philadelphia Police Department
### <u>Section 1983 - Municipal/City Liability</u>

115.    Prior to December 15, 2012, Defendant, Philadelphia Police Department, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the City of Philadelphia, which caused violation of the Plaintiff's Constitutional Rights.

116.    It was also the policy and/or custom of Defendant, Philadelphia Police Department, to inadequately screen during the hiring process and/or to inadequately train, re-train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

117.    The Defendant, Philadelphia Police Department, did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct or who were known to encourage or tolerate the same.

118.    The Defendant, Philadelphia Police Department, also did not adopt needed policies designed to avoid the Constitutional violations referred to herein.

119.    As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, police officers in the Defendant, Philadelphia Police Department, including Defendants believed that their actions would not be monitored by supervisory officers and that unsafe acts and misconduct would not be investigated or result in sanctions, but would be tolerated.

120.    Defendants failed to adopt an appropriate enforcement policy for Directive 45 causing Plaintiff's injuries to occur.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

### COUNT XXII
### Roger Dennis v. Commissioner Charles Ramsey
### Section 1983 - Municipal/City Liability

121.    Prior to December 15, 2012, Defendant, Commissioner Charles Ramsey, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the City of Philadelphia, which caused violation of the Plaintiff's Constitutional Rights.

122.    It was also the policy and/or custom of Defendant, Philadelphia Police Department, to inadequately screen during the hiring process and/or to inadequately train, re-train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

123.    The Defendant, Philadelphia Police Department, did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct or who were known to encourage or tolerate the same.

124..    The Defendant, Philadelphia Police Department, also did not adopt needed policies designed to avoid the Constitutional violations referred to herein.

125.    As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, police officers in the Defendant, Philadelphia Police Department, including Defendants believed that their actions would not be monitored by supervisory officers and that unsafe acts and misconduct would not be investigated or result in sanctions, but would be tolerated.

126.    Defendants failed to adopt an appropriate enforcement policy for Directive 45 causing Plaintiff's injuries to occur.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT XXIII
### Etta Conover v. James Scott
#### Personal Injury

127.    Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

128.    The negligence, carelessness, and/or recklessness of defendant consisted of the following:

a.    Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.    Failing to have said vehicle under proper and adequate control;

c.    Failing to observe the position of the plaintiff and to take such action as was necessary to prevent striking plaintiff;

d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.    Operating said vehicle at a dangerous and excessive rate of speed under the circumstance;

f.    Being inattentive to defendant's duties as an operator of a motor vehicle;

g.    Disregarding traffic lanes, patterns, and other devices;

h.　　Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

i.　　Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.　　Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.　　Failing to exercise ordinary care to avoid injuring plaintiff;

l.　　Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.　　Intentionally striking plaintiff multiple times;

n.　　Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.　　Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.　　Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.　　Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

r.　　Failing to stop defendant's vehicle, when ordered to do so by Philadelphia police officers;

s.　　Intentionally fleeing, at a high speed, from Philadelphia police officers, while being pursued;

t.    Assaulting the plaintiff with a motor vehicle, with complete disregard for the safety and well-being of the plaintiff; and

u.    In other respects that may be pointed out at time of trial.

129.   As a direct result of the negligent, careless, and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical disc herniations; lumbar disc protrusion; cervical and thoracic disc bulges; hand contusion; hand sprain and strain; cervical spine sprain and strain; cervicalgia; and any other ills and injuries all to the plaintiff's great loss and detriment.

130.   As a result of these injuries, all of which are permanent in nature, and all of which are to the plaintiff's great financial detriment and loss, the plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

131.   As an additional result of the carelessness, negligence, and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

132.   As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future, undergo a great loss of earnings and/or earning capacity, all to the plaintiff's further loss and detriment.

133.   Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT XXIV
### Etta Conover v. Simone Guy
### Personal Injury

134.    Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

135.    The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

a.    Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.    Failing to have said vehicle under proper and adequate control;

c.    Failing to observe the position of the plaintiff and to take such action as was necessary to prevent striking plaintiff;

d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.    Operating said vehicle at a dangerous and excessive rate of speed under the circumstance;

f.    Being inattentive to defendant's duties as an operator of a motor vehicle;

g.    Disregarding traffic lanes, patterns, and other devices;

h.    Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

i.      Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.      Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.      Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.      Intentionally striking plaintiff multiple times;

n.      Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.      Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.      Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.      Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

r.      Failing to stop defendant's vehicle, when ordered to do so by Philadelphia police officers;

s.      Intentionally fleeing, at a high speed, from Philadelphia police officers, while being pursued;

t.      Assaulting the plaintiff with a motor vehicle, with complete disregard for the safety and well-being of the plaintiff; and

Case ID: 140502464

u.    In other respects that may be pointed out at time of trial.

136.    The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.    Permitting an incompetent driver to operate the motor vehicle;

b.    Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.    Failing to determine whether defendant driver possessed a valid license or other requirements to drive and/or operate a motor vehicle;

d.    Failure to inspect defendant driver's prior history of bad driving;

e.    Failing to instruct defendant driver in the proper method of operating a motor vehicle;

f.    Failing to properly instruct the defendant driver on how to properly operate his motor vehicle and its warning apparatus in an emergency situation;

g.    Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver were operating the motor vehicle at the aforesaid time and place as herein before described;

h.    Failing to maintain said vehicle in a safe condition; and,

i.    Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

137.    As a direct result of the negligent, careless, and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical disc herniations; lumbar disc protrusion; cervical and thoracic disc bulges; hand contusion; hand sprain and strain; cervical spine sprain and strain; cervicalgia; and any other ills and injuries all to the plaintiff's great loss and detriment.

138.    As a result of these injuries, all of which are permanent in nature, and all of which are to the plaintiff's great financial detriment and loss, the plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

139.    As an additional result of the carelessness, negligence, and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

140.    As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future, undergo a great loss of earnings and/or earning capacity, all to the plaintiff's further loss and detriment.

141.    Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE,** plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the court deems necessary.

## COUNT XXV
### Etta Conover v. Commissioner Ramsey
### Personal Injury

142.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

143.     The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

    a.      Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

    b.      Failing to have said vehicle under proper and adequate control;

    c.      Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

    d.      Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

    e.      Operating said vehicle at a dangerous and excessive rate of speed, under the circumstances;

    f.      Being inattentive to defendant's duties as an operator of a motor vehicle;

    g.      Disregarding traffic lanes, patterns, and other devices;

    h.      Failing to keep an adequate distance from vehicles in the vicinity of the defendant's vehicle and from vehicles in the vicinity of the vehicle being pursued;

    i.      Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    j.      Failing to give the plaintiff meaningful warning signs concerning the impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.      Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.     Pursuing the defendant, James Scott, in a manner that caused the defendant, James Scott, to strike the plaintiff;

n.      Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.      Failing to inspect defendant's vehicle or maintain defendant's vehicle in a safe and non-defective condition;

p.      Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.      Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r.      Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.      Failure to adhere to and obey actions under "Directive 45;" and,

t.      In other respects that may be pointed out at time of trial.

144.    The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.      Permitting an incompetent driver to operate the vehicle;

Case ID: 140502464

b. Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c. Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d. Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

e. Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

f. Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

145. As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical disc herniations; lumbar disc protrusion; cervical and thoracic disc bulges; hand contusion; hand sprain and strain; cervical spine sprain and strain; cervicalgia; and any other ills and injuries all to the plaintiff's great loss and detriment.

146.    As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

147.    As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

148.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

149.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE,** plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.


## COUNT XXVI
### Etta Conover v. City of Philadelphia
### Personal Injury

150.    Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

Case ID: 140502464

151.    The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

a.    Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.    Failing to have said vehicle under proper and adequate control;

c.    Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.    Operating said vehicle at a dangerous and excessive rate of speed, under the circumstances;

f.    Being inattentive to defendant's duties as an operator of a motor vehicle;

g.    Disregarding traffic lanes, patterns, and other devices;

h.    Failing to keep an adequate distance from vehicles in the vicinity of the defendant's vehicle and from vehicles in the vicinity of the vehicle being pursued;

i.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.    Failing to give the plaintiff meaningful warning signs concerning the impending incident;

k.    Failing to exercise ordinary care to avoid injuring plaintiff;

l.    Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.    Pursuing the defendant, James Scott, in a manner that caused the defendant, James Scott, to strike the plaintiff;

n.    Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.    Failing to inspect defendant's vehicle or maintain defendant's vehicle in a safe and non-defective condition;

p.    Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.    Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r.    Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.    Failure to adhere to and obey actions under "Directive 45;" and,

t.    In other respects that may be pointed out at time of trial.

152.    The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.    Permitting an incompetent driver to operate the vehicle;

b.    Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

    c.      Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

    d.      Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

    e.      Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

    f.      Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

153.    As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical disc herniations; lumbar disc protrusion; cervical and thoracic disc bulges; hand contusion; hand sprain and strain; cervical spine sprain and strain; cervicalgia; and any other ills and injuries all to the plaintiff's great loss and detriment.

154.    As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

155.    As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

156.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

157.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT XXVII
### Etta Conover v. Officer Crystal Harris
### Personal Injury

158.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

159.     The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

a.     Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.     Failing to have said vehicle under proper and adequate control;

c.     Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.    Operating said vehicle at a dangerous and excessive rate of speed, under the circumstances;

f.    Being inattentive to defendant's duties as an operator of a motor vehicle;

g.    Disregarding traffic lanes, patterns, and other devices;

h.    Failing to keep an adequate distance from vehicles in the vicinity of the defendant's vehicle and from vehicles in the vicinity of the vehicle being pursued;

i.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.    Failing to give the plaintiff meaningful warning signs concerning the impending incident;

k.    Failing to exercise ordinary care to avoid injuring plaintiff;

l.    Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.    Pursuing the defendant, James Scott, in a manner that caused the defendant, James Scott, to strike the plaintiff;

n.    Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.    Failing to inspect defendant's vehicle or maintain defendant's vehicle in a safe and non-defective condition;

p.    Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r.  Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.  Failure to adhere to and obey actions under "Directive 45;" and,

t.  In other respects that may be pointed out at time of trial.

160.  The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.  Permitting an incompetent driver to operate the vehicle;

b.  Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.  Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d.  Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

     e.     Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

     f.     Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

161.    As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical disc herniations; lumbar disc protrusion; cervical and thoracic disc bulges; hand contusion; hand sprain and strain; cervical spine sprain and strain; cervicalgia; and any other ills and injuries all to the plaintiff's great loss and detriment.

162.    As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

163.    As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

164.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

165.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.


### COUNT XXVIII
### Etta Conover v. Officer Charles Marable
### Personal Injury

166.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

167.     The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

  a.     Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

  b.     Failing to have said vehicle under proper and adequate control;

  c.     Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

  d.     Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.      Operating said vehicle at a dangerous and excessive rate of speed, under
        the circumstances;

f.      Being inattentive to defendant's duties as an operator of a motor vehicle;

g.      Disregarding traffic lanes, patterns, and other devices;

h.      Failing to keep an adequate distance from vehicles in the vicinity of the
        defendant's vehicle and from vehicles in the vicinity of the vehicle
        being pursued;

i.      Failing to perceive the highly apparent danger to others which the actions
        and/or inactions posed;

j.      Failing to give the plaintiff meaningful warning signs concerning the
        impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.      Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.      Pursuing the defendant, James Scott, in a manner that caused the
        defendant, James Scott, to strike the plaintiff;

n.      Operating a motor vehicle with disregard for the rights, safety, and
        proximity of plaintiff, even though defendant was aware, or should have
        been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.      Failing to inspect defendant's vehicle or maintain defendant's vehicle in a
        safe and non-defective condition;

p.      Allowing a dangerous, unsafe, and defective motor vehicle to be operated
        on a public highway;

    q.    Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

    r.    Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

    s.    Failure to adhere to and obey actions under "Directive 45;" and,

    t.    In other respects that may be pointed out at time of trial.

168.    The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

    a.    Permitting an incompetent driver to operate the vehicle;

    b.    Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

    c.    Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

    d.    Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

e.     Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

f.     Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

169.    As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical disc herniations; lumbar disc protrusion; cervical and thoracic disc bulges; hand contusion; hand sprain and strain; cervical spine sprain and strain; cervicalgia; and any other ills and injuries all to the plaintiff's great loss and detriment.

170.    As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

171.    As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

172.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

173.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

WHEREFORE, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT XXIX
### Etta Conover v. Philadelphia Police Department
### Personal Injury

174.    Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

175.    The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

a.    Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.    Failing to have said vehicle under proper and adequate control;

c.    Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.      Operating said vehicle at a dangerous and excessive rate of speed, under

        the circumstances;

f.      Being inattentive to defendant's duties as an operator of a motor vehicle;

g.      Disregarding traffic lanes, patterns, and other devices;

h.      Failing to keep an adequate distance from vehicles in the vicinity of the

        defendant's vehicle and from vehicles in the vicinity of the vehicle

        being pursued;

i.      Failing to perceive the highly apparent danger to others which the actions

        and/or inactions posed;

j.      Failing to give the plaintiff meaningful warning signs concerning the

        impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.      Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.      Pursuing the defendant, James Scott, in a manner that caused the

        defendant, James Scott, to strike the plaintiff;

n.      Operating a motor vehicle with disregard for the rights, safety, and

        proximity of plaintiff, even though defendant was aware, or should have

        been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.      Failing to inspect defendant's vehicle or maintain defendant's vehicle in a

        safe and non-defective condition;

p.      Allowing a dangerous, unsafe, and defective motor vehicle to be operated

        on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r.  Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.  Failure to adhere to and obey actions under "Directive 45;" and,

t.  In other respects that may be pointed out at time of trial.

176.  The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.  Permitting an incompetent driver to operate the vehicle;

b.  Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.  Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d.  Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

    e.      Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

    f.      Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

177.    As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical disc herniations; lumbar disc protrusion; cervical and thoracic disc bulges; hand contusion; hand sprain and strain; cervical spine sprain and strain; cervicalgia; and any other ills and injuries all to the plaintiff's great loss and detriment.

178.    As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

179.    As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

180.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

181.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.


**COUNT XXX**
**Etta Conover v. John Doe 1-5**
**Personal Injury**

182.    Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

183.    The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

a.    Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.    Failing to have said vehicle under proper and adequate control;

c.    Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.   Operating said vehicle at a dangerous and excessive rate of speed, under the circumstances;

f.   Being inattentive to defendant's duties as an operator of a motor vehicle;

g.   Disregarding traffic lanes, patterns, and other devices;

h.   Failing to keep an adequate distance from vehicles in the vicinity of the defendant's vehicle and from vehicles in the vicinity of the vehicle being pursued;

i.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.   Failing to give the plaintiff meaningful warning signs concerning the impending incident;

k.   Failing to exercise ordinary care to avoid injuring plaintiff;

l.   Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.   Pursuing the defendant, James Scott, in a manner that caused the defendant, James Scott, to strike the plaintiff;

n.   Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.   Failing to inspect defendant's vehicle or maintain defendant's vehicle in a safe and non-defective condition;

p.   Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.   Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r.   Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.   Failure to adhere to and obey actions under "Directive 45;" and,

t.   In other respects that may be pointed out at time of trial.

184.   The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.   Permitting an incompetent driver to operate the vehicle;

b.   Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.   Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d.   Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

e.  Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

f.  Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

185.  As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical disc herniations; lumbar disc protrusion; cervical and thoracic disc bulges; hand contusion; hand sprain and strain; cervical spine sprain and strain; cervicalgia; and any other ills and injuries all to the plaintiff's great loss and detriment.

186.  As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

187.  As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

188.  As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

189.   Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.


**COUNT XXXI**
**Etta Conover v.**
**Commissioner Charles Ramsey, Officer Crystal Harris, Officer Charles Marable,**
**City of Philadelphia, and City of Philadelphia Police Department**
**Section 1983**

190.   While acting under the color of State Law, the defendants deprived the Plaintiff of various Federal and Constitutional Rights.

191.   Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against all defendants for violation of Plaintiff's Constitutional rights under Color of Law.

192.   Defendants' failed to train, supervise and discipline its officers for violations of Directive 45.

193.   Directive 45 was deliberately indifferent to the safety of the public causing unconstitutional harm to plaintiff.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

Case ID: 140502464

## COUNT XXXII
### Etta Conover v.
### Commissioner Charles Ramsey, Officer Crystal Harris, Officer Charles Marable,
### City of Philadelphia, and City of Philadelphia Police Department
### Section 1983 - Substantive Due Process

194.     Defendant Officers' conduct, jointly and/or severally, was willful, reckless, grossly negligent in violation of the Constitution and deliberately indifferent to the life and safety of Plaintiff and/or shocking to the conscience.

195.     Defendants' conduct constitutes a violation of the State and United States Constitution, and specifically to Plaintiff's right to personal security, to life, and liberty, and to be free from arbitrary government action which demonstrates a deliberate indifference to Plaintiff's life which shocks the conscience.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT XXXIII
### Etta Conover v.
### Commissioner Charles Ramsey, Officer Crystal Harris, Officer Charles Marable,
### City of Philadelphia, and City of Philadelphia Police Department
### Section 1983 - Supervisory Liability

196.     One or more of the Supervisory Defendants acted in a supervisory capacity, under circumstances and at a time when one or more of the Subordinate Defendants violated the Plaintiff's rights as set forth herein.

197.     In that regard, the Supervisory Defendants, now known and unknown, either directed conduct which resulted in the violation of Plaintiff's Federal and State Rights as alleged, or had actual knowledge of the subordinates violation of Plaintiff's rights and acquiesced in said violations, or, with a deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation of Plaintiff's rights or had a policy of maintaining no policy or regulations where same were clearly needed.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT XXXIV
### Etta Conover v. City of Philadelphia
### Section 1983 - Municipal/City Liability

198.     Prior to December 15, 2012 , Defendant, City of Philadelphia, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the City of Philadelphia, which caused violation of the Plaintiff's Constitutional Rights.

199.     It was also the policy and/or custom of Defendant, City of Philadelphia, to inadequately screen during the hiring process and/or to inadequately train, re-train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

200.     The Defendant, City of Philadelphia, did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct or who were known to encourage or tolerate the same.

201.    The Defendant, City of Philadelphia, also did not adopt needed policies designed to avoid the Constitutional violations referred to herein.

202.    As a result of the above described policies, customs and failure to adopt necessary and appropriate policies, police officers in the Defendant City of Philadelphia, including Defendants, believed that their actions would not be monitored by supervisory officers and that unsafe acts and misconduct would not be investigated or result in sanctions, but would be tolerated.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT XXXV
### Etta Conover v. Philadelphia Police Department
### Section 1983 - Municipal/City Liability

203.    Prior to December 15, 2012, Defendant, Philadelphia Police Department, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the City of Philadelphia, which caused violation of the Plaintiff's Constitutional Rights.

204.    It was also the policy and/or custom of Defendant, Philadelphia Police Department, to inadequately screen during the hiring process and/or to inadequately train, re-train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

205.    The Defendant, Philadelphia Police Department, did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct or who were known to encourage or tolerate the same.

206.   The Defendant, Philadelphia Police Department, also did not adopt needed policies designed to avoid the Constitutional violations referred to herein.

207.   As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, police officers in the Defendant, Philadelphia Police Department, including Defendants believed that their actions would not be monitored by supervisory officers and that unsafe acts and misconduct would not be investigated or result in sanctions, but would be tolerated.

208.   Defendants failed to adopt an appropriate enforcement policy for Directive 45 causing Plaintiff's injuries to occur.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.


## COUNT XXXV1
### Etta Conover v. Commissioner Charles Ramsey
### Section 1983 - Municipal/City Liability

209.   Prior to December 15, 2012, Defendant, Commissioner Charles Ramsey, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the City of Philadelphia, which caused violation of the Plaintiff's Constitutional Rights.

210.   It was also the policy and/or custom of Defendant, Philadelphia Police Department, to inadequately screen during the hiring process and/or to inadequately train, re-train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

211.    The Defendant, Philadelphia Police Department, did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct or who were known to encourage or tolerate the same.

212.    The Defendant, Philadelphia Police Department, also did not adopt needed policies designed to avoid the Constitutional violations referred to herein.

213.    As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, police officers in the Defendant, Philadelphia Police Department, including Defendants believed that their actions would not be monitored by supervisory officers and that unsafe acts and misconduct would not be investigated or result in sanctions, but would be tolerated.

214.    Defendants failed to adopt an appropriate enforcement policy for Directive 45 causing Plaintiff's injuries to occur.

WHEREFORE, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.


## COUNT XXXVII
### Tiera Barham v. James Scott
### Personal Injury

215.    Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

216.    The negligence, carelessness, and/or recklessness of defendant consisted of the following:

    a.    Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.   Failing to have said vehicle under proper and adequate control;

c.   Failing to observe the position of the plaintiff and to take such action as was necessary to prevent striking plaintiff;

d.   Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstance;

f.   Being inattentive to defendant's duties as an operator of a motor vehicle;

g.   Disregarding traffic lanes, patterns, and other devices;

h.   Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

i.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.   Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.   Failing to exercise ordinary care to avoid injuring plaintiff;

l.   Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.   Intentionally striking plaintiff multiple times;

n.   Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.   Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.     Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.     Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

r.     Failing to stop defendant's vehicle, when ordered to do so by Philadelphia police officers;

s.     Intentionally fleeing, at a high speed, from Philadelphia police officers, while being pursued;

t.     Assaulting the plaintiff with a motor vehicle, with complete disregard for the safety and well-being of the plaintiff; and

u.     In other respects that may be pointed out at time of trial.

217.     As a direct result of the negligent, careless, and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical spine sprain and strain; thoracic spine sprain and strain; and lumbar spine sprain and strain; right shoulder sprain and strain; and any other ills and injuries all to the plaintiff's great loss and detriment.

218.     As a result of these injuries, all of which are permanent in nature, and all of which are to the plaintiff's great financial detriment and loss, the plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

219.     As an additional result of the carelessness, negligence, and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

220.    As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future, undergo a great loss of earnings and/or earning capacity, all to the plaintiff's further loss and detriment.

221.    Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT XXXVIII
### Tiera Barham v. Simone Guy
### Personal Injury

222.    Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

223.    The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

a.    Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.    Failing to have said vehicle under proper and adequate control;

c.    Failing to observe the position of the plaintiff and to take such action as was necessary to prevent striking plaintiff;

d.      Failing to operate a motor vehicle at a speed which would allow

        defendant to stop within an assured clear distance;

e.      Operating said vehicle at a dangerous and excessive rate of speed

        under the circumstance;

f.      Being inattentive to defendant's duties as an operator of a motor

        vehicle;

g.      Disregarding traffic lanes, patterns, and other devices;

h.      Failing to keep an adequate distance from vehicles in the vicinity of

        defendant's vehicle;

i.      Failing to perceive the highly apparent danger to others which the actions

        and/or inactions posed;

j.      Failing to give plaintiff meaningful warning signs concerning the

        impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.      Failing to be highly vigilant and maintain sufficient control of said

        vehicle;

m.      Intentionally striking plaintiff multiple times;

n.      Operating a motor vehicle with disregard for the rights, safety, and

        proximity of plaintiff, even though defendant was aware, or should have

        been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.      Failing to inspect defendant's vehicle or to maintain defendant's vehicle

        in a safe and non-defective condition;

p.      Allowing a dangerous, unsafe, and defective motor vehicle to be operated

        on a public highway;

q.   Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

r.   Failing to stop defendant's vehicle, when ordered to do so by Philadelphia police officers;

s.   Intentionally fleeing, at a high speed, from Philadelphia police officers, while being pursued;

t.   Assaulting the plaintiff with a motor vehicle, with complete disregard for the safety and well-being of the plaintiff; and

u.   In other respects that may be pointed out at time of trial.

224.   The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.   Permitting an incompetent driver to operate the motor vehicle;

b.   Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.   Failing to determine whether defendant driver possessed a valid license or other requirements to drive and/or operate a motor vehicle;

d.   Failure to inspect defendant driver's prior history of bad driving;

e.   Failing to instruct defendant driver in the proper method of operating a motor vehicle;

f.   Failing to properly instruct the defendant driver on how to properly operate his motor vehicle and its warning apparatus in an emergency situation;

g.   Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver were operating the motor vehicle at the aforesaid time and place as herein before described;

h.   Failing to maintain said vehicle in a safe condition; and,

i.   Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

225.   As a direct result of the negligent, careless, and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical spine sprain and strain; thoracic spine sprain and strain; and lumbar spine sprain and strain; right shoulder sprain and strain; and any other ills and injuries all to the plaintiff's great loss and detriment.

226.   As a result of these injuries, all of which are permanent in nature, and all of which are to the plaintiff's great financial detriment and loss, the plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

227.   As an additional result of the carelessness, negligence, and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

228.   As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future, undergo a great loss of earnings and/or earning capacity, all to the plaintiff's further loss and detriment.

229.    Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, for which plaintiff makes a claim for payment in the present action.

WHEREFORE, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT XXXIX
### Tiera Barham v. Commissioner Ramsey
### Personal Injury

230.    Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

231.    The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

      a.    Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

      b.    Failing to have said vehicle under proper and adequate control;

      c.    Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

      d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.   Operating said vehicle at a dangerous and excessive rate of speed, under

the circumstances;

f.   Being inattentive to defendant's duties as an operator of a motor vehicle;

g.   Disregarding traffic lanes, patterns, and other devices;

h.   Failing to keep an adequate distance from vehicles in the vicinity of the

defendant's vehicle and from vehicles in the vicinity of the vehicle

being pursued;

i.   Failing to perceive the highly apparent danger to others which the actions

and/or inactions posed;

j.   Failing to give the plaintiff meaningful warning signs concerning the

impending incident;

k.   Failing to exercise ordinary care to avoid injuring plaintiff;

l.   Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.   Pursuing the defendant, James Scott, in a manner that caused the

defendant, James Scott, to strike the plaintiff;

n.   Operating a motor vehicle with disregard for the rights, safety, and

proximity of plaintiff, even though defendant was aware, or should have

been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.   Failing to inspect defendant's vehicle or maintain defendant's vehicle in a

safe and non-defective condition;

p.   Allowing a dangerous, unsafe, and defective motor vehicle to be operated

on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r.  Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.  Failure to adhere to and obey actions under "Directive 45;" and,

t.  In other respects that may be pointed out at time of trial.

232.  The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.  Permitting an incompetent driver to operate the vehicle;

b.  Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.  Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d.  Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

e.    Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

f.    Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

233.    As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical spine sprain and strain; thoracic spine sprain and strain; and lumbar spine sprain and strain; right shoulder sprain and strain; and any other ills and injuries all to the plaintiff's great loss and detriment.

234.    As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

235.    As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

236.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

237.   Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

   **WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.


## COUNT XL
### Tiera Barham v. City of Philadelphia
### Personal Injury

238.   Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

239.   The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

   a.   Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

   b.   Failing to have said vehicle under proper and adequate control;

   c.   Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

   d.   Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.    Operating said vehicle at a dangerous and excessive rate of speed, under the circumstances;

f.    Being inattentive to defendant's duties as an operator of a motor vehicle;

g.    Disregarding traffic lanes, patterns, and other devices;

h.    Failing to keep an adequate distance from vehicles in the vicinity of the defendant's vehicle and from vehicles in the vicinity of the vehicle being pursued;

i.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.    Failing to give the plaintiff meaningful warning signs concerning the impending incident;

k.    Failing to exercise ordinary care to avoid injuring plaintiff;

l.    Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.    Pursuing the defendant, James Scott, in a manner that caused the defendant, James Scott, to strike the plaintiff;

n.    Operating a motor vehicle with disregard for the rights, safety, and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.    Failing to inspect defendant's vehicle or maintain defendant's vehicle in a safe and non-defective condition;

p.    Allowing a dangerous, unsafe, and defective motor vehicle to be operated on a public highway;

q.      Failing to operate a motor vehicle in compliance with the applicable

laws and ordinances of the City and County of Philadelphia and the

Statutes of the Commonwealth of Pennsylvania pertaining to the operation

and control of police motor vehicles;

r.      Failing to observe and implement the policy, accepted practice, and/or

evaluation of whether the value of the apprehension of a suspect outweighs

the level of danger created in the pursuit and regarding when officers may

engage in high speed pursuit chases;

s.      Failure to adhere to and obey actions under "Directive 45;" and,

t.      In other respects that may be pointed out at time of trial.

240.   The negligence, carelessness, and/or recklessness of defendant further consisted of

the following:

a.      Permitting an incompetent driver to operate the vehicle;

b.      Failing to determine whether defendant driver possessed the necessary

skills and/or possessed the necessary mental or physical ability to

exercise such driving skills;

c.      Failing to instruct defendant driver in the proper method of operating a

motor vehicle and/or properly train in accordance with either reasonably

accepted pursuit guidelines and/or practices or their respective pursuit

policies;

d.      Failing to properly instruct the defendant driver on how to properly operate

the vehicle, specifically a police vehicle, and its warning apparatus

in an emergency situation;

e.    Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

f.    Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

241.    As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical spine sprain and strain; thoracic spine sprain and strain; and lumbar spine sprain and strain; right shoulder sprain and strain; and any other ills and injuries all to the plaintiff's great loss and detriment.

242.    As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

243.    As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

244.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

245.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

    **WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.


## COUNT XLI
### Tiera Barham v. Officer Crystal Harris
### Personal Injury

246.    Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

247.    The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

    a.    Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

    b.    Failing to have said vehicle under proper and adequate control;

    c.    Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

    d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.      Operating said vehicle at a dangerous and excessive rate of speed, under

        the circumstances;

f.      Being inattentive to defendant's duties as an operator of a motor vehicle;

g.      Disregarding traffic lanes, patterns, and other devices;

h.      Failing to keep an adequate distance from vehicles in the vicinity of the

        defendant's vehicle and from vehicles in the vicinity of the vehicle

        being pursued;

i.      Failing to perceive the highly apparent danger to others which the actions

        and/or inactions posed;

j.      Failing to give the plaintiff meaningful warning signs concerning the

        impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.      Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.      Pursuing the defendant, James Scott, in a manner that caused the

        defendant, James Scott, to strike the plaintiff;

n.      Operating a motor vehicle with disregard for the rights, safety, and

        proximity of plaintiff, even though defendant was aware, or should have

        been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.      Failing to inspect defendant's vehicle or maintain defendant's vehicle in a

        safe and non-defective condition;

p.      Allowing a dangerous, unsafe, and defective motor vehicle to be operated

        on a public highway;

Case ID: 140502464

q. Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r. Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s. Failure to adhere to and obey actions under "Directive 45;" and,

t. In other respects that may be pointed out at time of trial.

248. The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a. Permitting an incompetent driver to operate the vehicle;

b. Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c. Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d. Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

     e.     Failing, as defendant driver's authority, to control defendant driver's

conduct in regard to the manner in which defendant driver was operating

the vehicle at the aforesaid time and place, as herein before described; and,

     f.     Allowing this dangerous, unsafe, and defective motor vehicle to be

operated on a public highway.

249.    As a direct result of the negligent, careless, and/or reckless conduct of the

defendant, the plaintiff suffered various serious and permanent personal injuries, serious

impairment of body function and/or permanent serious disfigurement, and/or aggravation of

pre-existing conditions, including, but not limited to: cervical spine sprain and strain; thoracic

spine sprain and strain; and lumbar spine sprain and strain; right shoulder sprain and strain; and

any other ills and injuries all to the plaintiff's great loss and detriment.

250.    As a result of these injuries, all of which are permanent in nature and all of which

are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may

in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an

indefinite time into the future.

251.    As an additional result of the carelessness, negligence, and/or recklessness of the

defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

252.    As a further result of the injuries sustained, the plaintiff has, is presently, and may

in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss

and detriment.

253.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

WHEREFORE, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.

## COUNT XLII
### Tiera Barham v. Officer Charles Marable
### Personal Injury

254.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

255.     The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

    a.     Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

    b.     Failing to have said vehicle under proper and adequate control;

    c.     Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

    d.     Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.   Operating said vehicle at a dangerous and excessive rate of speed, under

the circumstances;

f.   Being inattentive to defendant's duties as an operator of a motor vehicle;

g.   Disregarding traffic lanes, patterns, and other devices;

h.   Failing to keep an adequate distance from vehicles in the vicinity of the

defendant's vehicle and from vehicles in the vicinity of the vehicle

being pursued;

i.   Failing to perceive the highly apparent danger to others which the actions

and/or inactions posed;

j.   Failing to give the plaintiff meaningful warning signs concerning the

impending incident;

k.   Failing to exercise ordinary care to avoid injuring plaintiff;

l.   Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.   Pursuing the defendant, James Scott, in a manner that caused the

defendant, James Scott, to strike the plaintiff;

n.   Operating a motor vehicle with disregard for the rights, safety, and

proximity of plaintiff, even though defendant was aware, or should have

been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.   Failing to inspect defendant's vehicle or maintain defendant's vehicle in a

safe and non-defective condition;

p.   Allowing a dangerous, unsafe, and defective motor vehicle to be operated

on a public highway;

q.     Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r.     Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.     Failure to adhere to and obey actions under "Directive 45;" and,

t.     In other respects that may be pointed out at time of trial.

256.    The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.     Permitting an incompetent driver to operate the vehicle;

b.     Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.     Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d.     Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

    e.      Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

    f.      Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

257.    As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical spine sprain and strain; thoracic spine sprain and strain; and lumbar spine sprain and strain; right shoulder sprain and strain; and any other ills and injuries all to the plaintiff's great loss and detriment.

258.    As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

259.    As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

260.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

261.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

WHEREFORE, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.


COUNT XLIII
Tiera Barham v. Philadelphia Police Department
Personal Injury

262.    Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

263.    The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

      a.     Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

      b.     Failing to have said vehicle under proper and adequate control;

      c.     Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

      d.     Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.     Operating said vehicle at a dangerous and excessive rate of speed, under

the circumstances;

f.     Being inattentive to defendant's duties as an operator of a motor vehicle;

g.     Disregarding traffic lanes, patterns, and other devices;

h.     Failing to keep an adequate distance from vehicles in the vicinity of the

defendant's vehicle and from vehicles in the vicinity of the vehicle

being pursued;

i.     Failing to perceive the highly apparent danger to others which the actions

and/or inactions posed;

j.     Failing to give the plaintiff meaningful warning signs concerning the

impending incident;

k.     Failing to exercise ordinary care to avoid injuring plaintiff;

l.     Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.     Pursuing the defendant, James Scott, in a manner that caused the

defendant, James Scott, to strike the plaintiff;

n.     Operating a motor vehicle with disregard for the rights, safety, and

proximity of plaintiff, even though defendant was aware, or should have

been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.     Failing to inspect defendant's vehicle or maintain defendant's vehicle in a

safe and non-defective condition;

p.     Allowing a dangerous, unsafe, and defective motor vehicle to be operated

on a public highway;

Case ID: 140502464

q.   Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r.   Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.   Failure to adhere to and obey actions under "Directive 45;" and,

t.   In other respects that may be pointed out at time of trial.

264.   The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.   Permitting an incompetent driver to operate the vehicle;

b.   Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.   Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d.   Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

Case ID: 140502464

e.      Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

f.      Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

265.    As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical spine sprain and strain; thoracic spine sprain and strain; and lumbar spine sprain and strain; right shoulder sprain and strain; and any other ills and injuries all to the plaintiff's great loss and detriment.

266.    As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

267.    As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

268.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

Case ID: 140502464

269.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

WHEREFORE, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.


COUNT XLIV
Tiera Barham v. John Doe 1-5
Personal Injury

270.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

271.     The negligence, carelessness, and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen, and/or employees, consisted of the following:

a.      Operating a motor vehicle in a negligent, careless, and/or reckless manner without regard for the rights or safety of plaintiff or others;

b.      Failing to have said vehicle under proper and adequate control;

c.      Failing to observe the position of the plaintiff and to take such action as was necessary to prevent a foreseeable collision involving the plaintiff and defendant, James Scott;

d.      Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.     Operating said vehicle at a dangerous and excessive rate of speed, under

        the circumstances;

f.     Being inattentive to defendant's duties as an operator of a motor vehicle;

g.     Disregarding traffic lanes, patterns, and other devices;

h.     Failing to keep an adequate distance from vehicles in the vicinity of the

        defendant's vehicle and from vehicles in the vicinity of the vehicle

        being pursued;

i.     Failing to perceive the highly apparent danger to others which the actions

        and/or inactions posed;

j.     Failing to give the plaintiff meaningful warning signs concerning the

        impending incident;

k.     Failing to exercise ordinary care to avoid injuring plaintiff;

l.     Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.     Pursuing the defendant, James Scott, in a manner that caused the

        defendant, James Scott, to strike the plaintiff;

n.     Operating a motor vehicle with disregard for the rights, safety, and

        proximity of plaintiff, even though defendant was aware, or should have

        been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.     Failing to inspect defendant's vehicle or maintain defendant's vehicle in a

        safe and non-defective condition;

p.     Allowing a dangerous, unsafe, and defective motor vehicle to be operated

        on a public highway;

q.    Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of police motor vehicles;

r.    Failing to observe and implement the policy, accepted practice, and/or evaluation of whether the value of the apprehension of a suspect outweighs the level of danger created in the pursuit and regarding when officers may engage in high speed pursuit chases;

s.    Failure to adhere to and obey actions under "Directive 45;" and,

t.    In other respects that may be pointed out at time of trial.

272.    The negligence, carelessness, and/or recklessness of defendant further consisted of the following:

a.    Permitting an incompetent driver to operate the vehicle;

b.    Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.    Failing to instruct defendant driver in the proper method of operating a motor vehicle and/or properly train in accordance with either reasonably accepted pursuit guidelines and/or practices or their respective pursuit policies;

d.    Failing to properly instruct the defendant driver on how to properly operate the vehicle, specifically a police vehicle, and its warning apparatus in an emergency situation;

    e.     Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the vehicle at the aforesaid time and place, as herein before described; and,

    f.     Allowing this dangerous, unsafe, and defective motor vehicle to be operated on a public highway.

273.   As a direct result of the negligent, careless, and/or reckless conduct of the defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical spine sprain and strain; thoracic spine sprain and strain; and lumbar spine sprain and strain; right shoulder sprain and strain; and any other ills and injuries all to the plaintiff's great loss and detriment.

274.   As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

275.   As an additional result of the carelessness, negligence, and/or recklessness of the defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

276.   As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

Case ID: 140502464

277.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative, and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.§ 1701, et. seq., as amended, and/or Worker's Compensation Benefits,  pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the courts deems necessary.


## COUNT XLV
### Tiera Barham v.
### Commissioner Charles Ramsey, Officer Crystal Harris, Officer Charles Marable, City of Philadelphia, and City of Philadelphia Police Department
### Section 1983

278.    While acting under the color of State Law, the defendants deprived the Plaintiff of various Federal and Constitutional Rights.

279.    Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against all defendants for violation of Plaintiff's Constitutional rights under Color of Law.

280.    Defendants' failed to train, supervise and discipline its officers for violations of Directive 45.

281.    Directive 45 was deliberately indifferent to the safety of the public causing unconstitutional harm to plaintiff.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT XLVI
### Tiera Barham v.
### Commissioner Charles Ramsey, Officer Crystal Harris, Officer Charles Marable,
### City of Philadelphia, and City of Philadelphia Police Department
### Section 1983 - Substantive Due Process

282.    Defendant Officers' conduct, jointly and/or severally, was willful, reckless, grossly negligent in violation of the Constitution and deliberately indifferent to the life and safety of Plaintiff and/or shocking to the conscience.

283.    Defendants' conduct constitutes a violation of the State and United States Constitution, and specifically to Plaintiff's right to personal security, to life, and liberty, and to be free from arbitrary government action which demonstrates a deliberate indifference to Plaintiff's life which shocks the conscience.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.


## COUNT XLVII
### Tiera Barham v.
### Commissioner Charles Ramsey, Officer Crystal Harris, Officer Charles Marable,
### City of Philadelphia, and City of Philadelphia Police Department
### Section 1983 - Supervisory Liability

284.    One or more of the Supervisory Defendants acted in a supervisory capacity, under circumstances and at a time when one or more of the Subordinate Defendants violated the Plaintiff's rights as set forth herein.

Case ID: 140502464

285.     In that regard, the Supervisory Defendants, now known and unknown, either directed conduct which resulted in the violation of Plaintiff's Federal and State Rights as alleged, or had actual knowledge of the subordinates violation of Plaintiff's rights and acquiesced in said violations, or, with a deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation of Plaintiff's rights or had a policy of maintaining no policy or regulations where same were clearly needed.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT XLVIII
### Tiera Barham v. City of Philadelphia
### Section 1983 – Municipal/City Liability

286.     Prior to December 15, 2012 , Defendant, City of Philadelphia, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the City of Philadelphia, which caused violation of the Plaintiff's Constitutional Rights.

287.     It was also the policy and/or custom of Defendant, City of Philadelphia, to inadequately screen during the hiring process and/or to inadequately train, re-train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

288.     The Defendant, City of Philadelphia, did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct or who were known to encourage or tolerate the same.

Case ID: 140502464

289.    The Defendant, City of Philadelphia, also did not adopt needed policies designed to avoid the Constitutional violations referred to herein.

290.    As a result of the above described policies, customs and failure to adopt necessary and appropriate policies, police officers in the Defendant City of Philadelphia, including Defendants, believed that their actions would not be monitored by supervisory officers and that unsafe acts and misconduct would not be investigated or result in sanctions, but would be tolerated.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT XLIX
### Tiera Barham v. Philadelphia Police Department
### Section 1983 - Municipal/City Liability

291.    Prior to December 15, 2012, Defendant, Philadelphia Police Department, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the City of Philadelphia, which caused violation of the Plaintiff's Constitutional Rights.

292.    It was also the policy and/or custom of Defendant, Philadelphia Police Department, to inadequately screen during the hiring process and/or to inadequately train, re-train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

293.    The Defendant, Philadelphia Police Department, did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct or who were known to encourage or tolerate the same.

294.    The Defendant, Philadelphia Police Department, also did not adopt needed policies designed to avoid the Constitutional violations referred to herein.

295.    As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, police officers in the Defendant, Philadelphia Police Department, including Defendants believed that their actions would not be monitored by supervisory officers and that unsafe acts and misconduct would not be investigated or result in sanctions, but would be tolerated.

296.    Defendants failed to adopt an appropriate enforcement policy for Directive 45 causing Plaintiff's injuries to occur.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT L
### Tiera Barham v. Commissioner Charles Ramsey
### Section 1983 - Municipal/City Liability

297.    Prior to December 15, 2012, Defendant, Commissioner Charles Ramsey, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the City of Philadelphia, which caused violation of the Plaintiff's Constitutional Rights.

298.    It was also the policy and/or custom of Defendant, Philadelphia Police Department, to inadequately screen during the hiring process and/or to inadequately train, re-train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

299.    The Defendant, Philadelphia Police Department, did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct or who were known to encourage or tolerate the same.

300.    The Defendant, Philadelphia Police Department, also did not adopt needed policies designed to avoid the Constitutional violations referred to herein.

301.    As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, police officers in the Defendant, Philadelphia Police Department, including Defendants believed that their actions would not be monitored by supervisory officers and that unsafe acts and misconduct would not be investigated or result in sanctions, but would be tolerated.

302.    Defendants failed to adopt an appropriate enforcement policy for Directive 45 causing Plaintiff's injuries to occur.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT LI
### Roger Dennis & Etta Conover & Tiera Barham v.
### James Scott, Simone Guy,
### Commissioner Ramsey, Officer Crystal Harris, Officer Charles Marable, City of
### Philadelphia,  Philadelphia Police Department, & John Doe 1-5
### Jointly and/or Severally

303.    Plaintiff incorporates all the allegations set forth in the previous paragraphs, inclusive, as if set forth at length.

304.    The facts set forth herein establish that defendants are individually, jointly and/or severally liable to plaintiff for plaintiff's injuries and damages. Accordingly, the Comparative Negligence Act, 42 Pa.C.S.A. §7102 applies to the nature and effect of plaintiff's action upon said defendants.

**WHEREFORE,** plaintiff demands judgment in plaintiff's favor and against defendants individually, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00), exclusive of interest and costs of suit.

SPEAR , GREENFIELD & RICHMAN, P.C.

BY:    MARC F. GREENFIELD, ESQUIRE

INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND WAS EFFECTUATED.
mcp/ebr

<u>V E R I F I C A T I O N</u>

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.